UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JUNKIN,

    Petitioner,

v.

RON RACKLEY, Warden,

    Respondent.

No. 2:18-cv-0290 DB P

ORDER

Petitioner, a state prisoner at Folsom State Prison, has filed a document in which he requests an extension of time to file an application for writ of habeas corpus. No other pleadings have been filed by the petitioner.

Petitioner appears to be concerned that his pending state habeas petition will not toll the statute of limitations. It is true that should the state court find his pending state petition was not "properly filed," that petition will not toll the statute under 28 U.S.C. § 2244(d)(2). In that case, if petitioner files his federal petition after that state habeas proceeding has concluded, he risks having his federal petition dismissed as untimely.

In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005), the Court suggested that a petitioner may file a protective federal habeas petition while a state court petition is pending in this situation. See also <u>Dolis v. Chambers</u>, 454 F.3d 721, 725 (7th Cir. 2006) (suggesting that petitioners "file in both state and federal court simultaneously where there is some procedural

1

uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline."). Indeed, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" pending exhaustion of his claims in state court. Pace, 544 U.S. at 416.

If petitioner is reasonably confused about whether his state court filing will be considered "properly filed," he may file a protective federal habeas petition here as described in Pace. Petitioner may then seek a stay of these federal proceedings until he has exhausted his remedies in state court. Petitioner will be given an opportunity to file a federal petition. However, if he fails to do so, this case will be dismissed. In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases. In addition, petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner has not yet done so.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request (ECF No. 1) is denied without prejudice;

2. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

////

////

////

////

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated: February 9, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders/prisoner-habeas/junk0290.no petition