UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JUNKIN, | No. 2:18-cv-0290 TLN DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RON RACKLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se. Petitioner has filed a motion to proceed in forma pauperis ("IFP"), a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a motion to stay these proceedings while he exhausts his state remedies, and a motion for the appointment of counsel. For the reasons set forth below, the court will grant petitioner's motion to proceed IFP, deny petitioner's motion for the appointment of counsel, and recommend petitioner's motion to stay be denied and the petition be dismissed without prejudice.

With respect to petitioner's motion for a stay and filing of a petition, there appears to be some confusion about the court's prior order. On February 7, 2018, petitioner initiated this action by filing a request for an extension of time to file a habeas petition. (ECF No. 1.) In that request, petitioner explained that he had not yet exhausted his state court remedies. Exhaustion of state remedies is required before this court may consider a habeas corpus petition. See 28 U.S.C. § 2254(b). Generally, where it is clear from the face of a petition that claims are not exhausted, this

1

court must dismiss the petition. Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

In an order filed February 12, 2018, the court informed petitioner that if he was reasonably confused about whether his state court petitions were "properly filed" so that they would toll the federal statute of limitations, he could file a protective petition in this court and also request a stay. (ECF No. 3.) Petitioner was given the option of filing a protective petition. If he did not do so, the court advised petitioner that this proceeding would be dismissed. To be clear, dismissal of this proceeding would be without prejudice to petitioner's ability to file a petition for a writ of habeas corpus after he has exhausted his state remedies.

On March 12, 2018, petitioner filed a petition for writ of habeas corpus, a motion to appoint counsel, and a motion for a stay. (ECF Nos. 8, 10, 12.) In those filings, petitioner explains that he felt the court's February 12 order required him to file a petition. It does not appear that petitioner intends to file a protective petition as described in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). And, while petitioner seeks a stay, he provides no basis for the court to find that he is reasonably confused about whether his state petitions have been properly filed under 28 U.S.C. § 2244(d)(2). In fact, in a document filed here on February 23, 2018, petitioner stated that his state petitions have been properly filed. (ECF No. 4.)

Petitioner need not file here prior to exhaustion of his state remedies in order to have the court find that his state court petitions were "properly filed" under 28 U.S.C. § 2244(d)(2) and entitle him to tolling of the statute of limitations. The court will recommend dismissal of the petition for failure to exhaust. When petitioner has exhausted his state court remedies, he may file a petition for a writ of habeas corpus in this court.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. (ECF Nos. 9, 13.) Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

////

2. Because the court recommends dismissal of this action, petitioner's motion for the appointment of counsel (ECF No. 10) is denied.

Further, IT IS RECOMMENDED that:

1. Petitioner's motion for a stay of these proceedings (ECF No. 12) be denied; and
2. Petitioner's petition be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 19, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/junk0290.fr

3